No. 88-558

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989


MISSOULA RURAL FIRE DISTRICT,
            Plaintiff and Appellant,
     -vs-

CITY OF MISSOULA,
            Defendant and Respondent.


MISSOULA RURAL FIRE DISTRICT,
a political subdivision of the State
of Montana, et al.,
            Plaintiffs and Appellants,
     -vs-

CITY OF MISSOULA, a municipal corp.,
            Defendant and Respondent.


APPEAL FROM:  District Court of the Fourth Judicial District,
              In and for the County of Missoula,
              The Honorable James B. Wheelis, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      Howard Toole argued, Missoula, Montana

      For Respondent:

      Jim Nugent argued, City Attorney, Missoula, Montana


                            Submitted:  May 1, 1989

                            Decided:  June 2, 1989

                    _____
                              Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

In 1974, a permanent injunction was issued against the City of Missoula and in favor of the Montana Rural Fire District (MRFD), barring the City from annexing any lands outside city limits which were situated within the MRFD. The injunction remained in effect until 1988 when the District Court, Fourth Judicial District, ordered the injunction dissolved on motion of the City. The District Court reasoned that the legislature significantly changed the annexation laws through the 1979 amendment. With the change of the statutory law, the injunction was no longer valid. The District Court found that under the present law the City can use its discretion in choosing one of several annexation methods without requiring detraction of land it wishes to annex from the MRFD. MRFD appeals this order.

We affirm.

The issues on appeal are:

1. Whether the 1974 injunction was properly dissolved by the District Court.

2. Whether the case affirming the 1974 injunction, MRFD v. City of Missoula (1975), 168 Mont. 70, 540 P.2d 958, was impliedly overruled by the legislature.

3. Whether the 1979 amendment of annexation laws has nullified the 1974 injunction.

4. Whether current Montana municipal annexation laws require, prior to inception of annexation, that land proposed for city or town annexation be first successfully detracted from a rural fire district regardless of the statutory method of city or town annexation used.

On October 10, 1974, the District Court permanently enjoined the City of Missoula "from attempting any annexation procedure of whatever kind or character for any land within

2

the boundaries of Missoula Rural Fire District." In MRFD v. City of Missoula (1975), 168 Mont. 70, 540 P.2d 958, we affirmed the 1974 injunction.

A 1974 Act (Planned Community and Development Act of 1973, §§ 11-514 through 11-526, RCM (1947); § 7-2-4701, et seq. MCA, (1979)), required extensive planning for growth in cities. One provision prohibited annexation of land that had been within a fire district for more than ten years at the time of proposed annexation. In 1977, the legislature provided for limited annexation of lands within the rural fire district only after detraction from the fire district. After 1977 if a single landowner wanted land annexed, that landowner could send written notice to the fire district requesting detraction from the fire district for the purpose of having the land annexed.

In 1979 the Montana legislature made significant changes to the municipal annexation laws. The 1979 Legislature divided the annexation methods, stating that annexation through detraction from the fire district is independent from other annexation methods. City of Missoula annexed some areas within the MRFD subsequent to 1979 without detracting the land to be annexed from the fire district.

In 1987, the Missoula City Council scheduled public hearings to receive public comment as to whether the City should annex 230 parcels of real property which were already connected to the City's municipal water system. MRFD sued the City to prevent these annexations based upon the 1974 injunction. The City applied to have the injunction dissolved or modified based on the 1979 changes. The District Court originally dismissed the motion. The court, however, ordered on July 28, 1988, that the injunction be dissolved. The District Court relied on the 1979 legislative changes and

considered each method of annexation to be separate and distinct from the others.

The main issue to be addressed is whether land proposed for city or town annexation must be first successfully detracted from a rural fire district prior to inception of annexation, for every statutory method of city or town annexation. In the alternative, is detraction from the rural fire district necessary for only one of several possible methods of annexation? If so, then the 1974 injunction was properly dissolved by the District Court.

On October 10, 1974, the District Court permanently enjoined the City of Missoula from annexing land without first seeking detraction from the rural fire district within which the land was located. In 1975, this Court affirmed the order of the District Court in MRFD v. City of Missoula, supra. In that case, we stated that the legislature considered the annexation laws to be discriminatory and caused indiscriminate growth patterns. We acknowledged that although the legislature did not repeal these prior discriminatory annexation laws, it did provide in § 11-525 RCM (1947):

> In so far as the provisions of this act are inconsistent with the provisions of any other law, the provisions of this act shall be controlling. The method of annexation authorized in this act shall be construed as supplemental to and independent from other methods of annexation authorized by state law.

The act referred to in § 11-525, RCM, is the "Planned Community Development Act of 1973," which provided that

> no part of the area may be included within the boundary, as existing at the inception of such attempted annexation, of any fire district organized under any of the provisions of chapter 20, Title 11, if the fire district was originally

4

organized at least 10 years prior to the
inception of such attempted annexation.

Section 11-519(2)(d), RCM (1947). The annexation amendment
prohibited any annexation of land by the city which had been
within a fire district for more than ten years at the time of
the proposed annexation, regardless of the type of annexation
proposed. Thus, MRFD could prevent any growth of the munici-
pality where rural fire district lands were located.

The legislature made limited annexation possible in
1977 by way of detraction under §§ 11-514 through 11-525,
RCM.

In 1979, the legislature made two significant changes
in municipal annexation laws. First, § 11-403, RCM (1947)
was expanded. Section 11-403 provided the ways in which
annexation could take place. Prior to 1979, a city could
freely annex contiguous areas of land, any lands to be used
for manufacturing purposes, provided that the owners of such
land agree, and any wholly surrounded parcels of land. The
1979 amendment separated each of the types of annexation
provided for in § 11-403, into separate statutes. The stat-
utes now provide:

Title 7, Chapter 2, Part 42 -- addition
of territory enjoining any incorporated
city;

Title 7, Chapter 2, Part 43 -- annexa-
tion of contiguous land to an incorpo-
rated city;

Title 7, Chapter 2, Part 44 -- annexa-
tion of contiguous government land;

Title 7, Chapter 2, Part 45 -- annexa-
tion of wholly surrounded land;

Title 7, Chapter 2, Part 46 -- annexa-
tion by petition from the council or
legislative body of the municipality

(7-2-4601(2)); from 50% of the resident freeholder electors (7-2-4601(3)(a)(i)); or from the owner or owners of each parcel of property in the territory to be annexed (7-2-4601(3)(a)(ii));

Title 7, Chapter 2, Part 47 -- the planned community development act of 1973, annexation with the provision of services, subsequent to detraction.

The second change made by the 1979 Legislature was to delete the first sentence of § 11-525, RCM (1947), which, cited above, provided that in cases of annexation, if there was conflict among statutes, then detraction controlled. The language of § 7-2-4718, MCA, which replaced § 11-525, RCM (1947), now states:

Construction. (1) The method of annexation authorized in this part is independent from other methods of annexation authorized by state law.
(2) The governing body of the municipality to which territory is proposed to be annexed, may in its discretion select one of the annexation procedures in parts 42 through 47 that is appropriate to the circumstances of the particular annexation. The municipal governing body must then follow the specific procedures prescribed in the appropriate part. (Emphasis supplied).

In summary, the 1979 Legislature deleted the sentence of § 11-525, RCM, which provided that the Planned Community Development Act controlled. Moreover, the language providing that the detraction statute was "supplemental to" the other methods of annexation, was also deleted. Finally, the city was left with discretion over the method of annexation to be used. Each statutory method of annexation is now separate and distinct from all other methods. That method of annexa-

tion requiring detraction (Title 7, Chapter 2, Part 47) is independent from the other methods of annexation.

The legislature further exhibited its intent to make separate and distinct the annexation methods by stating that:

> When the proceedings for annexation of territory to a municipality are instituted as provided in this part, the provisions of this part and no other apply, except where otherwise explicitly indicated.

Sections 7-2-4204(1), -4304(1), -4408(1), -4505(1), and -4609(3), MCA. Therefore, not only did the legislature delete the language that Part 47 detraction method superseded all others, but it also explicitly stated that each annexation method was independent from all the other annexation methods.

After considering these statutory changes, the District Court found that the annexation laws were separate and independent from each other. According to the District Court decision, it is not equitable nor practical to require the City to conform to laws which have been superseded by virtue of recent amendment. The court also based its opinion on State ex rel. Hilands Golf Club v. City of Billings (1982), 198 Mont. 475, 478, 647 P.2d 345, 346, in which this Court, in dicta, concluded that the 1979 amendment created eight methods of annexation which were separate and distinct. In support of this conclusion, the majority opinion looked to the language of § 7-2-4204(2), MCA, which grants discretion to the municipality in choosing a type of annexation method.

Appellant, Missoula Rural Fire District, bases its arguments on the statutory changes in 1977, not the 1979 amendments. MRFD contends that the City can annex areas within the fire district only after detraction from the district, pursuant to Title 7, Chapter 2, Part 47. According

7

to appellant, the 1977 Legislature attempted to alleviate the cumbersome method of annexation by allowing an easy method of annexation for single ownership parcels. Section 7-33-2127, MCA. Also after 1977 under §§ 7-33-2122 and 7-33-2123, property owners, with a majority of signatures, could petition for detraction of the land. Regardless of the 1979 amendment, appellant asserts that under any circumstances, detraction is still necessary. Laws which govern fire districts control all methods of annexation.

Respondent, on the other hand, contends that the 1979 amendment made independent each statutory method of annexation. Therefore, according to respondent, only Title 7, Chapter 2, Part 47, requires detraction from the fire district prior to annexation. The seven other methods of annexation (Parts 42 through 46) do not require detraction.

Appellant's argument stems from the legislature's concern that with society's move from rural to urban areas, sufficient services be provided to the growth areas in the cities. The rural fire districts have provided and presently provide services to outlying areas of the cities and towns of Montana. The legislature's concern that services be provided with annexation of new areas was specifically addressed in § 11-518, RCM (1977). It was necessary under the old statute to prepare a report providing the long-range plans for development of services. The plan was presented at a public hearing. The residents of the proposed area to be annexed and residents of the municipality were allowed to be heard at the hearing. Section 11-520, RCM. The decision of the governing body of the municipality was also subject to court review. Section 11-522, RCM.

Even though the 1979 Legislature provided alternative means of annexation separate and distinct from the detraction method of annexation, it nevertheless carefully planned for

8

the provision of services for newly annexed areas. Each current statutory method of annexation, separate and independent from the Part 47 detraction method, requires that the municipality provide services for newly annexed areas. For example, § 7-2-4610, MCA, requires:

> Provision of Services. In all cases of annexation under current Montana law, services will be provided according to a plan provided by the municipality as specified in 7-2-4732, except:
> (1) as provided in 7-2-4736; and
> (2) in first-class cities, where otherwise mutually agreed upon by the municipality and the freeholders of the area to be annexed.

Section 7-2-4732 mandates that there be a long-range plan of at least five years providing for police protection, fire protection, garbage collection, and street maintenance. Parts 42 through 45 have provisions identical to § 7-2-4610. Therefore, the initial concern of the legislature in 1974 to provide for the planning of long-range services was responded to in the 1979 statutory changes.

The 1979 statutory amendment creates methods of annexation which are separate and independent of each other. We hold that the 1979 statutory amendment renders the 1974 injunction no longer valid or applicable and MRFD v. City of Missoula was statutorily overruled. The District Court properly held that the 1979 legislative changes allow the City to annex real property by certain statutory provisions without detraction prior to annexation.

Affirmed.

_[signature]_
Chief Justice

9

We concur:

_John Conway Harrison_

_John C. Sheehy_

_L. C. Gulbrandson_

_____

_R. C. McDonough_

Justices

_Thomas A. Olson_

Honorable Thomas A. Olson,
District Judge, sitting in
place of Mr. Justice William
E. Hunt, Sr.